IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOB D. WOLFE,

        Plaintiff,

vs.                                      Case No. 05-1028-JTM

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on the defendant's objection to the U.S. Magistrate Judge's Recommendation and Report. The defendant raises three objections to the Magistrate Judge's determination: 1) that remand was necessary for a proper residual functional capacity determination in light of all the evidence, including the opinions of Dr. Woodall and the testimony of the plaintiff; 2) that the Administrative Law Judge (ALJ) did not comply with Social Security Ruling 83-20 in determining plaintiff's onset date; and 3) the ALJ failed to properly evaluate the effects of plaintiff's obesity. This court disagrees and finds that this case should be remanded to the ALJ.

**I. STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), "the finding of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." Substantial evidence is more than a scintilla and is that evidence which a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401-02, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); Miller v. Chater, 99 F.3d

972 (1996); Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989); Kemp v. Bowen, 816 F.2d 1469, 1475 (10th Cir. 1987). Substantial evidence requires the presence of enough relevant evidence that a reasonable mind might consider the Secretary's decision adequately supported. Richardson, 402 U.S. at 401. The court must scrutinize the record and take into account whatever evidence fairly detracts from the evidence supporting the Secretary's findings. Nieto v. Heckler, 750 F.2d 59, 61 (10th Cir. 1984). An absence of substantial evidence will be found only where there is a conspicuous absence of credible choices and no contrary medical evidence. Trimiar v. Sullivan, 966 F.2d 1326, 1328 (10th Cir. 1992). Evidence is insubstantial if it is overwhelmingly contradicted by other evidence. O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir.1994); Frey v. Bowen, 816 F.2d 508, 512 (10th Cir. 1987) (citations omitted). The function of the district court is to determine whether there is evidence to support the decision of the Secretary and not to reweigh the evidence or try the issues de novo. If supported by substantial evidence, the Secretary's findings are conclusive and must be affirmed.

This deferential standard of review does not apply to the Secretary's application of the law. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994); Byron v. Heckler, 742 F.2d 1232, 1235 (10th Cir. 1984); Frey, 816 F.2d at 512. Thus, reversal may be appropriate when the Secretary either applies an incorrect legal standard or fails to demonstrate that she relied on the correct legal standards. Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994).

The Secretary employs a five step process in determining the existence of a disability, Bowen v. Yuckert, 482 U.S. 137, 140, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987), a process which ends at any point if the Secretary determines the claimant is disabled or not. The steps, in order, require determinations of whether the claimant: 1) is currently engaged in substantial gainful activity; 2) has a medically severe impairment or combination of impairments; 3) has an impairment equivalent to

one of a number of extremely severe impairments listed in 20 C.F.R. Part 404, Subpt. P, App. 1; 4) is unable due to the impairment to perform past work; and 5) has the residual functional capacity to perform other work available in the national economy, considering age, education, and past work experience. See Kemp v. Bowen, 816 F.2d 1469, 1474-75 (10th Cir. 1987).

An individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. § 423(d)(2)(A). The burden is on the claimant to prove the existence of a disability that prevents him from engaging in his prior work for a continuous period of twelve months. Trimiar, 966 F.2d at 1329. If the claimant makes such a showing, the Secretary must show the claimant is able to do other work in jobs present in the national economy. Sorenson v. Bowen, 888 F.2d 706, 710 (10th Cir. 1989).

## II. ANALYSIS

The Magistrate Judge determined that the requirements of SSR 96-8p were not met because the ALJ did not include a narrative discussion describing how the evidence supports each conclusion, with specific medical facts and nonmedical evidence (Report and Recommendation at 8). If the RFC assessment conflicts with a medical source, the ALJ must explain why the opinion was not adopted (Report and Recommendation at 8; SSR 96-8p). It is insufficient for the ALJ to generally discuss the evidence but fail to relate the evidence to his conclusions. (Report and Recommendation at 8). Cruse v. U.S. Dept. of Health & Human Serv., 49 F. 3d 614, 618 (10th Cir. 1995).

The RFC assessment conflicts with the opinions of Dr. Woodall, who noted that claimant had deteriorated pulmonary function for a year before his letter dated November 11, 2002. Even the

ALJ in his report noted that medical evidence supported limitations to a disabling extent prior to November 11, 2002. The ALJ also did not mention Dr. Woodall's assessment dated March 0, 2003. Under these circumstances, the court finds that the ALJ failed to weigh the medical and nonmedical evidence in his RFC assessment. As the Magistrate Judge recommended, the ALJ should consider all the evidence, including Dr. Woodall's opinions and plaintiff's testimony. In creating a proper RFC determination, the ALJ will have to review the onset. Although the ALJ is not required to specifically mention SSR 83-20, he should review its requirements in determining Mr. Wolfe's onset date. Finally, since the ALJ noted obesity as a severe impairment, this factor should be assessed as to whether it created any physical or mental impairments.

Defendant overstates the effect of the Magistrate's Report and Recommendation. In isolating a few lines of the report, the Report and Recommendation appears unbalanced. However, a careful review clarifies that the Magistrate Judge applied the correct standard and identified gaps in the ALJ's assessment and review.

IT IS ACCORDINGLY ORDERED this 24th day of July 2006, that the court denies defendant's objection and reverses and remands the final decision of the Commissioner as set forth more fully in the Report and Recommendation.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE